## HUNTER v. KARCHER.

1. The record in an action brought in justice court fully specified the nature of the claim, and contained, over the certificate of the justice, a transcript of his docket, enumerating all essential jurisdictional facts, and concluding with a recital that, "after hearing the evidence and law, judgment was given for plaintiff for $20 against C., and costs $13.50, making in all $33.50," and that notice of appeal was given by C's attorney. *Held*, that the record showed a valid judgment, within Comp. Laws, Sec. 5024, defining a judgment as "the final determination of the rights of the parties."

2. A lessee under a verbal lease from month to month gave notice, on June 5th, of an intention to terminate the lease, but left his personal effects in the house after July 1st, and the premises were occupied by his wife during that month. *Held*, that as the lease was by operation of law renewed on July 1st, before the expiration of the 30 days required by Comp. Laws, Sec. 3742, to terminate such tenancies after notice, the lessee was liable for the July rent.

3. A statement by a lessee from month to month that he "guessed he would have to give up the house," is not a sufficient notice of an intention to terminate the lease.

(Opinion Filed, May 19, 1896.)

Appeal from Lawrence county court. Hon. GRANVILLE G. BENNETT, Judge.

Action for the recovery of rent. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Frank McLaughlin*, for appellant.

There was no judgment in court below. Miller v. B. & M. R. R., 7 Neb. 227; Preuit v. The People, 5 Neb. 377; Allen v. Corlew, 10 Kan; 70; Black on Judg., Vol. 1, § 115, and cases cited.

*Frawley & Laffey*, for respondent.

There is no set words, phrases, or form in which a judgment of a justice court should be entered, and courts of record are to overlook matters of form and to regard proceedings before justices of the peace according to the merits. Felton v. Mulliner, 2 Johns. (N. Y.) 181; Gains v. Betts, 2 Doug. (Mich.)

99; Lynch v. Kelly, 41 Cal. 232; Williams v. Wait, 2 S. D. 213; Black on Judg., Vol. 1, § 115; 12 Am. & Eng. Encyc. of Law, 486.

FULLER, J.    This case originated and was first tried in justice court, resulting in a judgment for plaintiff, upon a claim of $20, which was the agreed monthly rental for a house of plaintiff which the defendant occupied under a lease.    The defendant appealed to the county court upon questions of both law and fact, and a trial there resulted in a verdict in plaintiff's favor, and against the defendant for the full amount claimed. From said judgment, and from an order overruling a motion for a new trial, this appeal was taken.

It is argued by counsel for appellant that his motion to dismiss the action, made in the court below, upon the ground that no valid judgment was ever entered in justice court, ought to have been sustained.    The record in justice court, which fully specifies the nature of the claim, contains, over the certificate of the justice, a transcript of his docket, which enumerates all essential jurisdictional facts, and concludes with the following recital:    "After hearing the evidence and law, judgment was given for plaintiff for $20 against Charles Karcher, and costs, $13.50, making in all $33.50.    Notice of an appeal was given by Frank McLaughlin, attorney for Charles Karcher.    John Stannus, Justice of the Peace."    "A judgment is the final determination of the rights of the parties in an action."    Comp. Laws, § 5024.    In the foregoing decision of the justice, the law was applied to all litigated facts; the aggregate amount to which plaintiff was entitled, including the item of costs, was ascertained; and the rights of the parties were fully determined by the entry of a final judgment which, though informal and subject to adverse criticism, is sufficient to support an execution, or constitute a bar to another suit upon the same cause of action.    In our opinion the instrument is a final judgment, within the statutory definition.

It appears, from the evidence that appellant and his family had for more than three years continuously occupied the house in question under a verbal lease from month to month, and, although he testified that he stated to respondent late in the month of May, 1894, that he "guessed he would have to give up the house," no notice sufficient to terminate the lease was given until the 5th day of the following month. As the rent accrued and became payable monthly, and appellant's personal effects remained in the house, which his wife continued to occupy as her residence during the entire month of July, the lease, by operation of law, was renewed on the 1st day of that month, and became binding upon both landlord and tenant, five days before the expiration of the time for which appellant was bound to give notice, under Sec. 3742 of the Compiled Laws, in order to terminate the lease. Our view of the case renders a consideration of other questions discussed in the briefs of counsel unnecessary. The judgment is affirmed.